```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

     Robert E. Duthie                              BK 15-11761 CLB

                    Debtor                         DECISION & ORDER
------------------------------------------------------
Mark A. Wallach, Chapter 7 Trustee of the Chapter 7
Bankruptcy Estate of Robert E. Duthie


                    Plaintiff                      AP 17-01001 CLB

          v.

Cadles of Grassy Meadows II, L.L.C.;
Citizens Bank National Association f/k/a
RBS Citizens National Association, as Successor by
Merger with Charter One Bank, National Association
f/k/a Charter One Bank, F.S.B.,


                    Defendant
------------------------------------------------------
```

                      Arthur G. Baumeister, Jr., Esq.
                      Baumeister Denz LLP
                      174 Franklin St., Suite 2
                      Buffalo, NY 14202
                      Attorney for Plaintiff

                      Stephen Vlock, Esq.
                      Vlock & Associates, P.C.
                      630 Third Avenue
                      18th Floor
                      New York, NY 10017
                      Attorney for Defendant


Bucki, Chief U.S.B.J., W.D.N.Y.

      In this adversary proceeding, the Chapter 7 trustee seeks to avoid the undocketed renewal of a judgment. The central issue is whether a state court decision

regarding the validity of the renewal judgment will bind a subsequently designated trustee.

Under New York law, a judgment becomes a lien on real property "from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after the filing of the judgment-roll . . . ." N.Y. C.P.L.R. 5203(a) (McKinney 1997). However, to the extent that the judgment remains unsatisfied, the creditor may commence a further action on the judgment "during the year prior to the expiration of ten years since the first docketing of the judgment." N.Y. C.P.L.R. 5014 (McKinney 1997). Any judgment resulting from this later action "shall be designated a renewal judgment and shall be so docketed by the clerk." *Id.* Upon docketing, any such renewal judgment operates "to extend the lien for an additional 10-year period." *Gletzer v. Harris*, 12 N.Y.3d 468, 471 (2009).

Robert E. Duthie acquired the real property at 155 Blake Hill Road in the Village of East Aurora in Erie County, New York, in May of 1999. Then on September 28 of that same year, the Clerk for the County of Erie docketed a judgment that Marine Midland Bank had obtained against "Robert D. Duthie" in the amount of $268,041.55. After various transfers, this judgment was ultimately assigned to Cadles of Grassy Meadows II, L.L.C. (hereinafter referred to as "Cadles"). After learning that this judgment had listed the obligor's name with an incorrect middle initial, Cadles moved to modify the judgment. By order dated July 20, 2009, the state court amended the judgment to designate the defendant's name as "Robert E. Duthie." Cadles then commenced an action which resulted in an "Order Granting Renewal of Judgment." This later order was duly entered on September 1, 2009, and provided for the extension of the judgment lien through September 28, 2019. In New York, however, the docketing of a judgment is an event separate from entry of the order granting that judgment. *See* N.Y. C.P.L.R. 5018 (McKinney 1997). For reasons not indicated on the record and notwithstanding the mandate of C.P.L.R. 5014, the County Clerk never docketed a renewal judgment.

Section 5239 of New York's Civil Practice Law and Rules provides that "any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or

debt." N.Y. C.P.L.R. 5239 (McKinney 1997). On August 12, 2010, Cadles initiated such a special proceeding in the Supreme Court for Erie County to determine the priority of its judgment as against mortgages that were then held by Citifinancial Company and RBS Citizens, N.A. Both of these mortgages were recorded subsequent to the initial docketing of the judgment in 1999, but prior to its renewal in 2009. In an order dated December 28, 2010, the state court ruled "that Cadles' Judgment Creditor's Lien in the amount of $268,041.55 plus statutory interest is First and Best in the Premises;" and "that Respondents' claims, if any, are subordinate to Petitioner's Judgment Lien in the Premises."

On August 19, 2015, Robert E. Duthie filed a petition for relief under Chapter 7 of the Bankruptcy Code. Then in December of 2015, with the consent of Cadles, the trustee obtained authorization from this court to sell the property on Blake Hill Road free and clear of all liens and encumbrances, but on condition that "any valid and enforceable liens" would attach to the net proceeds. The trustee's special counsel thereafter completed the transaction and is now holding proceeds in the amount of $130,428.53. At the time of the bankruptcy filing, the mortgage previously given to Citifinancial Company had already been discharged. Thus, potential claims against sale proceeds would include the interests of Cadles and of Citizens Bank, an entity that was formerly known as RBS Citizens, N.A.

In this adversary proceeding, the trustee seeks to avoid the judgment held by Cadles and the mortgage held by Citizens Bank. At present, the trustee has stipulated with Citizens Bank for an extension of time to answer or to respond otherwise to the complaint. Cadles has answered, however. With issue having been joined as between the trustee and Cadles, these parties have now cross-moved against each other for summary judgment.

The trustee seeks to avoid the Cadles judgment pursuant to section 544 of the Bankruptcy Code. In relevant part, subdivision (a) of this section provides as follows:

> "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred

> by the debtor that is voidable by . . . (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

In his motion for summary judgment, the trustee contends that the lien of Cadles' original judgment expired in 2009. Despite the entry of an order granting renewal, no renewal judgment was ever docketed. Without docketing, no continuing lien was ever perfected. Consequently, as of the day of bankruptcy filing, a bona fide purchaser would have acquired the debtor's real property without impairment by any judgment lien. Relying on 11 U.S.C. §544(a)(3), the trustee asserts that he assumes the position of such a bona fide purchaser, and can therefore avoid the lien of the renewal judgment. In its response and cross motion, Cadles does not directly challenge the trustee's analysis. Rather, Cadles argues that the trustee is bound by the state court order of December 28, 2010, which recognized the priority lien of a renewal judgment. In particular, Cadles contends that the trustee is unable to challenge that prior state court order, by reason of the Rooker-Feldman Doctrine as well as the application of principles of res judicata and issue preclusion.

Cadles argues that the Rooker-Feldman Doctrine operates to deny to this Court jurisdiction to grant the relief that the trustee now requests. The Rooker-Feldman doctrine holds that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). In the present instance, the doctrine has no application for at least two reasons. First, the trustee is a party distinct from any defendant in the prior action in state court. As stated by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005), the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . ." The trustee was never a party to the proceeding in state court, which rendered its decision long prior to the bankruptcy filing, Second, the present adversary proceeding involves issues distinct from those that the state court considered. Whereas the state court

resolved the rights of Cadles as against existing mortgagees, the Bankruptcy Court must here determine the rights of a bona fide purchaser as against Cadles.  The record does not indicate the reasoning of the state judge in the prior proceeding.  Nonetheless, a possible basis for the state court's ruling may relate to the mortgagees' knowledge about the renewal judgment.  In contrast, section 544(a) of the Bankruptcy Code creates an avoidance power that arises "without regard to any knowledge of the trustee or of any creditor."

Cadles separately contends that principles of res judicata and issue preclusion compel us to follow the state court's recognition of a renewal of the creditor's judgment.  This argument must again fail because the preclusive effect of the state court decision does not extend to the operative issue that we must now decide.  In its order of December 28, 2010, the state court implicitly held that Cadles had obtained a judgment against Duthie, that the judgment had been renewed, and that the judgment had priority over two outstanding mortgages.  The decision did not address whether Cadles had perfected the renewal judgment as against the interests of a bona fide purchaser without knowledge of Cadles' claim.  It is this failure of perfection that allows the trustee to avoid the renewal judgment for the benefit of the bankruptcy estate.

The trustee has moved for summary judgment with regard to the first, second and fifth causes of action in his complaint.  The first cause of action seeks to avoid any renewal judgment under 11 U.S.C. § 544(a)(3).  Because the renewal judgment was never docketed, it was never properly perfected as against the interests of a bona fide purchaser of the debtor's real estate.  Accordingly, the court will grant to the trustee summary judgment on this cause of action.

In his second cause of action, the trustee seeks to disallow the secured position that Cadles has asserted in its proof of claim.  The docketing of the original judgment created a lien that expired on September 28, 2009.  Because the renewal judgment was never properly docketed, however, no continuing lien would have extended beyond that date.  Accordingly, the court will grant summary judgment on the second cause of action, to the effect that the proof of claim filed by Cadles will be allowed as a general unsecured claim only.

The trustee's fifth cause of action seeks a declaration, pursuant to 11 U.S.C. § 551, that the renewal judgment is preserved for the benefit of the estate. In granting summary judgment on the cause of action that seeks to avoid the lien of Cadles, this court has already determined that Cadles has no continuing interest in the debtor's real property. Consequently, Cadles is not a party adverse to the statutory rights of the trustee under section 551. Rather, the fifth cause of action targets enforcement of the preserved lien as against persons or entities who are not respondents to the trustee's motion for partial summary judgment. Any decision with regard to lien preservation is therefore premature, and must be deferred until presented in the context of an appropriate proceeding on notice to adversely affected parties.

For the reasons stated herein, the trustee's motion for partial summary judgment is granted with respect to the first and second causes of action. The motion for summary judgment on the fifth cause of action is denied, but without prejudice to consideration of similar relief on notice to affected parties. The cross motion by the defendant Cadles is denied in all respects.

So ordered.

Dated: January 31, 2018  
      Buffalo, New York

/s/ Carl L. Bucki  
_____  
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.